United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DIRECTV, Inc.

        Plaintiff,

v.

ZANE MOORE,

        Defendant.

No. 04-3798 SBA

**ORDER**

On May 12, 2005, the Court granted Plaintiff's Motion for Default Judgment and for costs. In addition, the Court requested supplemental briefing on the issue of whether Plaintiff was entitled to attorneys' fees. On May 25, 2005, Plaintiff filed its supplemental brief. The Court hereby GRANTS Plaintiff's request for attorneys' fees incurred in the instant action.

**DISCUSSION**

Plaintiff DIRECTV is entitled to reasonable attorneys' fees and costs incurred in prosecuting its claims for violation of 18 U.S.C. § 2520(a). 18 U.S.C. § 2520(b)(3); Fed. R. Civ. P. 54. DIRECTV requests $2,150.50 for attorneys' fees incurred in the instant action. (*See* Motion for Default Judgment ("Motion") at 20.)[1] The party requesting fees "bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked." *Gates v. Rowland*,

---

[1] Plaintiff also requested $765.00 in fees it anticipated would be spent in connection with the hearing on its Motion for Default Judgment. In its May 12, 2005 Order, the Court denied this request because no hearing was held.

39 F.3d 1439, 1449 (9th Cir. 1994).  "Attorneys fees" can also include paralegal fees.  *See Missouri v. Jenkins by Agyei*,  491 U.S. 274, 285 (1989).

Plaintiff has provided invoices for the amounts spent on the instant action.  (Declaration of Sandeep Shah in Support of Motion at Exh. E.)  Plaintiff asserts that $1,295.50 was spent prior to preparation of the Motion for Default Judgment.  In addition, Plaintiff asserts that it has spent $855 in preparation of the Motion for Default Judgment.

In its May 12, 2005 Order, the Court found that the amount of fees incurred was reasonable.  However, because Plaintiff failed to justify the billing rates for all but one of the individuals who worked on the instant action, the Court ordered Plaintiff to file supplemental briefing.

Plaintiff seeks fees incurred by seven people who worked on the instant action: Keli Osaki, Kristine Collins, Marci Knighten, Jack Scharringhausen, Michael Westman, Julie Bentley, and Sandeep Shah. According to the Supplemental Declaration of Sandeep Shah, Keli Osaki ($300/hour), is an attorney for Buchalter, Nemer, Fields, & Younger ("Buchalter Firm") who graduated from Pepperdine University School of Law in 1995.  Since that time, Ms. Osaki has continuously been engaged in the practice of commercial and business litigation.  Marci Knighten ($125/hour) is a paralegal for the Buchalter Firm who holds a certificate from the University of California, Los Angeles' Attorney Assistance Training Program. She has been practicing in the area of civil ligation since 1998.  Kristine Collins ($135/hour) was formerly a paralegal with the Buchalter Firm.  Ms. Collins has over ten years of paralegal experience in the area of litigation.   Jack Scharringhausen ($235/hour) is an attorney for the Buchalter Firm who graduated from the University of Southern California School of Law in 1999.  Since that time, he has continuously been engaged in the practice of business litigation.  Michael Westman ($140/hour) is a contract paralegal for the Buchalter Firm.  Mr. Westman received a paralegal certificate from the University of California, Los Angeles, in 1986, and has over sixteen years of litigation experience.  Julie Bentley ($150/hour) is a paralegal for the Buchalter Firm who received a Bachelor of Arts degree from California State University, Chico, in 1979.  She has over eighteen years of litigation experience.[2]  Mr. Shah asserts that the rates charged by these individuals are commensurate with the rates charged for similar services by comparable

---

[2] In its May 12, 2005 Order, the Court found that Plaintiff had sufficiently justified the billing rate of Sandeep Shah, an attorney for the Buchalter Firm.

firms. The Court finds that Plaintiff has sufficiently justified the billing rates for fees incurred by the Buchalter Firm.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's request for attorneys' fees incurred in the instant action. The Court awards Plaintiff $2,150.50 in attorneys' fees for work performed by the Buchalter Firm.

IT IS SO ORDERED.

Dated:  6-6-05                         /s/ Saundra Brown Armstrong
                                       SAUNDRA BROWN ARMSTRONG
                                       United States District Judge